1
2
3
4
5
6
7

8          # UNITED STATES DISTRICT COURT

9          # SOUTHERN DISTRICT OF CALIFORNIA

10   DANIEL ORTIZ LOPEZ,                         Civil No.     08-1068 JLS (PCL)
     CDCR #T-26501,
11
                                                 **ORDER:**
                               Plaintiff,
12
                                                 **(1) GRANTING MOTION TO**
13                                               **PROCEED *IN FORMA PAUPERIS*,**
                                                 **IMPOSING NO INITIAL PARTIAL**
14                vs.                            **FILING FEE AND GARNISHING**
                                                 **BALANCE FROM PRISONER'S**
15                                               **TRUST ACCOUNT [Doc. No. 2];**
                                                 **AND**
16
17   PACIFIC SHIP REPAIR AND FABRICATION,        **(3) DISMISSING ACTION FOR**
     Inc.,                                       **FAILING TO STATE A CLAIM**
18                                               **PURSUANT TO 28 U.S.C.**
                                                 **§§ 1915(e)(2)(b) & 1915A(b)**
19
20                             Defendant.
21
22

23        Plaintiff, Daniel Ortiz Lopez, a state inmate currently incarcerated at the California Men's

24   Colony located in San Luis Obispo, California and proceeding pro se, has filed a civil rights

25   action pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28

26   U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant

27   to 28 U.S.C. § 1915(a) [Doc. No. 2].

28

**II.    MOTION TO PROCEED IFP [Doc. No. 2]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is

ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     SUA SPONTE SCREENING PER 28 U.S.C. § 1915(E)(2) AND § 1915A**

**A.     Standard**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

////

////

////

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As currently pleaded, it is clear that a majority of Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

## B.    Application to Plaintiff's Complaint

In his Complaint, Plaintiff alleges that he was employed by the Pacific Ship Repair and Fabrication Company in 2001. (*See* Compl. at 3.) On February 2, 2001, Plaintiff was at work when he began to drink tequila with some co-workers beginning around 9:30 a.m. (*Id.*). After some discussion, it was determined that Plaintiff would go to the liquor store and purchase more alcohol to consume while at work. (*Id.*) After Plaintiff returned with the alcohol, he alleges that his supervisor was aware that he had been drinking. (*Id.*) Plaintiff "punched out" and left work at 2:30 p.m. (*Id.*) Plaintiff claims that his supervisor "had an obligation to inquire into the stability of the plaintiff prior to allowing the plaintiff to exit the work place with the acknowledgment that he was clearly under the influence of alcohol." (*Id.*)

After Plaintiff left work and began to drive home, he "drove through a couple of red lights" and "collided with another vehicle." (*Id.* at 4.) Plaintiff left the "accident scene" and continued to drive. (*Id.*) Plaintiff admits that he failed to stop at an intersection and hit a woman who walking in the crosswalk with her daughter, son, and neighbor's child. (*Id.*) Plaintiff then

1  hit a tree.  The woman's son died from his injuries.  (*Id.*)  Plaintiff was convicted of a number

2  of crimes including the murder of the young son.  (*Id.*)  Plaintiff now seeks to hold his then

3  employer liable for "failing to intervene in a matter which consequently caused the death of an

4  innocent child." (*Id.*) Plaintiff seeks two million dollars in compensatory and punitive damages.

5  (*Id.* at 9.)

6       First, Plaintiff cannot sue Defendant Pacific Ship Repair and Fabrication, Inc. for the

7  alleged violation of his constitutional rights pursuant to § 1983 because private parties do not

8  generally act under color of state law; thus, "purely private conduct, no matter how wrongful,

9  is not within the protective orbit of section 1983." *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d

10  547, 550 (9th Cir. 1974); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

11       While a plaintiff may seek to hold a private actor liable under section 1983, he must

12  allege facts that show some "state involvement which directly or indirectly promoted the

13  challenged conduct." *Ouzts*, 505 F.2d at 553; *West v. Atkins*, 457 U.S. 42, 49, 54 (1988);

14  *Johnson v. Knowles*, 113 F.3d 1114, 1118-1120 (9th Cir. 1997).  In other words, Plaintiff must

15  show that the private actor's conduct is "fairly attributable" to the state. *Rendell-Baker v. Kohn*,

16  457 U.S. 830, 838 (1982); *see also Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 567

17  (9th Cir. 1987).  Here, Plaintiff's allegations that Pacific Ship Repair and Fabrication should be

18  held responsible for his criminal actions fails  to satisfy the first prong of a § 1983 claim.  *See*

19  *Haygood*, 769 F.2d at 1354.

20       Second, even if Plaintiff were able to sufficiently allege a Fourteenth Amendment claim

21  against Defendant, which the Court does not believe is possible, his claim falls far outside the

22  applicable statute of limitations.  While Congress has provided no federal statute of limitations

23  governing section 1983 claims, the Supreme Court has held that federal courts should use the

24  forum state's single most appropriate statute of limitations applicable to personal injury actions

25  for all section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985). Relying on *Wilson*,

26  the Ninth Circuit has found that the one-year statute of limitations of California Code of Civil

27

28

1   Procedure § 340(3)[1] is the most appropriate. *Usher v. City of Los Angeles*, 828 F.2d 556, 558

2   (9th Cir. 1987); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam).

3   Federal law, however, determines when a section 1983 cause of action accrues. *Hardin v. Staub*,

4   490 U.S. 536, 543-44 (1989).  Under federal law, a claim generally accrues when the plaintiff

5   "knows or has reason to know of the injury which is the basis of the action." *Elliot v. City of*

6   *Union City*, 25 F.3d 800, 802 (9th Cir. 1996) (internal citations omitted).

7        In his Complaint, Plaintiff alleges that his employer violated his constitutional rights on

8   February 2, 2001.  (*See* Compl. at 1.)  However, Plaintiff filed this action on June 16, 2008, over

9   seven years after he claims that Defendant violated his constitutional rights.

10       Plaintiff does not allege any facts to suggest how or why California's one-year statute

11  of limitations might be tolled for a period of time which would make his claims timely. *See*,

12  *e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during

13  a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL.

14  CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January

15  1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the

16  statute would result in a "manifest injustice.").  Thus, pursuant to *Fink*, Plaintiff's claims against

17  Defendants, accruing in 2001, would be tolled for two years. California's one-year statute of

18  limitations would then begin to run -- requiring Plaintiff to file this action against these

19  Defendants no later than 2004.

20       Accordingly, the Court finds that Plaintiff's Complaint must be **DISMISSED** for failing

21  to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)

22  and 1915A.  Because it does not appear "at all possible that the plaintiff can correct the

23  defect(s)" of his pleading, further leave to amend is **DENIED** as futile. *See Cahill v. Liberty*

24

25  _____

    [1] California Code of Civil Procedure § 340(3) provides a one-year statute of limitations on any
26  civil action for "[l]ibel, slander, assault, battery, false imprisonment, seduction, injury or death from
    wrongful act or neglect . . . ." CAL. CIV. PROC. CODE § 340(3).  On January 1, 2003, this code section
27  was replaced with § 335.1 which now provides for a two-year statute of limitations for these actions.
    However, the longer period found in § 335.1 is inapplicable to Plaintiff's action. *See Maldonado v.*
28  *Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (holding that under California law, an extension of a statute
    of limitations will not apply to claims already barred under the prior statute of limitations unless the
    Legislature explicitly provides for such an extension).

*Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

**III.    CONCLUSION AND ORDER**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

(2)    The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).    ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3)    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

1    **IT IS FURTHER ORDERED** that:

2    (4)    Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** for failing to state a claim and

3    without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  Plaintiff is

4    further notified that this dismissal may later be counted as a "strike" against him pursuant to 28

5    U.S.C. § 1915(g).[2]   The Clerk shall close the file.

6    **IT IS SO ORDERED.**

7

8    **DATED:  August 6, 2008**

9    _Janis L. Sammartino_
     **Honorable Janis L. Sammartino**
10   **United States District Judge**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    [2] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal
26   ... under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any
     facility, brought an action or appeal in a court of the United States that was dismissed on the grounds
27   that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the
     prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Andrews v. King*,
28   398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("Pursuant to § 1915(g), a prisoner with three strikes," *i.e.*, prior
     federal cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on grounds
     that they were frivolous, malicious, or failed to state a claim, "cannot proceed *IFP*.").